SAFECO INSURANCE COMPANY OF )
ILLINOIS, )
      **Plaintiff,** )
            )
**v.** )
            )  **Case No. 1:16-cv-00202-LTS**
**PAUL HICKS, et al.,** )
            )
      **Defendants.** )

## SUGGESTIONS IN OPPOSITION TO DEFENDANT JANE GOSCH'S MOTION FOR RELIEF UNDER RULE 59 OR IN THE ALTERNATIVE RULE 60

Defendant Jane Gosch ("Gosch") seeks relief from a default judgment this Court entered against another party, a default judgment that the Court had the authority to enter. Gosch fails to cite any authority which would justify the Court's modification of its default judgment, and a motion for relief under Rule 59 and 60 is not the appropriate procedural to determine the impact on Gosch of the default judgment against Paul Hicks. Consequently, her motion should be denied.

### I.  Introduction and Summary of Facts

Plaintiff Safeco Insurance Company of Illinois ("Safeco") is an insurance company that issued a motorcycle policy to Hicks. Gosch was injured while riding as a passenger on Hicks's motorcycle. Gosch sued Hicks in Iowa state court for her personal injuries. However, Gosch's claim against Hicks is not covered by the liability portion of the Hicks's policy because she is an insured under that policy, and liability coverage is excluded for claims by other insureds. Therefore, Safeco contends in this lawsuit that it does not have a duty to defend Hicks in the underlying state court lawsuit, nor does it have any duty to indemnify Hicks for Gosch's injuries under the liability portion of the policy. These issues, as to Hicks, were decided in the default

1

judgment entered by the Court. Whether Gosch would ever be able to collect against Hicks's policy, should she obtain a judgment against Hicks, is yet to be decided in this lawsuit, and the impact of the declaratory action on Gosch's rights concerning the policy, should she obtain a judgment against Hicks, can be decided on a summary judgment motion, but not on a motion for relief under Federal Rules of Civil Procedure 59 and 60.

## II. The Default Judgment Was Appropriately Entered

Federal Rule of Civil Procedure 55 governs the entry of default judgment against a party. In the event a party against whom affirmative relief is sought does not defend the action against him, the clerk of the court <u>must</u> enter default. FED. R. CIV. P. 55(a). After default is entered by the clerk, the court has the authority to enter a default judgment upon an application by the plaintiff in a case, such as this, where the plaintiff is not seeking a specific amount of money damages. FED. R. CIV. P. 55(b)(2).

In this case, Hicks was lawfully served with process on December 31, 2016. He did not file a pleading or otherwise defend the action. Therefore, according to FED. R. CIV. P. 55(a), the clerk of the court was required to enter default. Plaintiff thereafter filed a Motion for Entry of Default Judgment, to which no opposition was filed by either Hicks <u>or Gosch</u>. In fact, in her Motion for Relief, Gosch admits that Hicks did not answer or otherwise defend the action filed against him. The Court had authority to enter the default judgment under FED. R. CIV. P. 55(B) finding that Safeco does not owe Hicks a defense for the underlying lawsuit, nor was it required to indemnify Hicks under the liability portion of the policy. This is the exact relief that Safeco sought against Paul Hicks. Gosch made no attempt after the Motion for Entry of Default Judgment was filed to preclude entry of the default judgment against Hicks. Because this Court

2

had full authority under the Federal Rules to enter the default judgment, Gosch's motion must be denied.

### III. Federal Rule of Civil Procedure 59 Does Not Provide A Basis To Alter Or Amend The Judgment Against Hicks.

Federal Rule of Civil Procedure 59 addresses the circumstances under which a court can order a new trial or alter or amend a judgment. It is difficult to determine based on her motion what relief Gosch seeks under Rule 59. Presumably, she is seeking alteration or amendment of the default judgment entered against Hicks under Rule 59(e). However, FED. R. CIV. P. 59 applies only in the event a final judgment is entered by the Court. *Auto Services Co., Inc. v. KPMG*, 537 F.3d 853, 856 (8th Cir. 2008). "Judgment" does not include an order dismissing fewer than all of the opposing parties or claims unless the district court directs entry of final judgment under Rule 54(b) or expressly indicates the order is immediately appealable. *Id*. "Because an order dismissing fewer than all claims or parties is generally not a final judgment, a Rule 59(e) motion to challenge such an order may only be filed after the district court enters final judgment." *Id*.

Here, the Court did not indicate that the judgment was entered in accordance with Rule 54(b) or that the judgment was immediately appealable. The Court's default judgment against Hicks was not a final judgment because it did not dismiss all of the parties or all of the pending claims in the case. Because the Court has not entered final judgment on the issue of whether Safeco's potential exposure under the uninsured motorist coverage is limited to $20,000, the Court's default judgment against Hicks is not a final judgment and Rule 59(e) cannot be the basis for the relief Gosch now seeks.

**IV. Federal Rule of Civil Procedure 60 Does Not Provide A Basis To Grant Gosch Relief From The Judgment.**

Federal Rule of Civil Procedure 60 addresses the circumstances under which it is appropriate for a court to grant relief from a judgment or order. Gosch does not cite which provision of Rule 60 entitles her to relief. Presumably, Gosch does not seek relief under Rule 60(a), which deals with clerical errors and oversights by the Court. Instead, perhaps Gosch seeks relief under Rule 60(b) from a "final judgment, order, or proceeding for one or more of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief."

Gosch has not pled facts that apply to grounds (1) through (5) listed above, leaving her with the catch-all provision in Rule 60(b)(6). Relief under Rule 60(b)(6) is "an extraordinary remedy" for "exceptional circumstances." *City of Duluth v. Fond du Lac Bank of Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir. 2013), quoting *In Re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989). "This is because almost every conceivable ground for relief is covered under the other five subsections [of Rule 60(b)] and, consequently the courts must apply Rule 60(b)(6)

4

relief only in unusual and extreme situations where principles of equity mandate relief." *Equal Employment Opportunity Commission v. CRST Van Expedited, Inc.* 2015 WL 8773440, \*4 (N.D. Iowa 2015) (internal citations omitted). In fact, Rule 60(b)(6) should be utilized to provide relief "only when it offends justice to deny relief." *Id.*

Gosch does not allege facts or circumstances that establish that she is entitled to the "extraordinary" remedy of relief under Rule 60(b)(6). Instead, Gosch's argument hinges on her bare assertion that the Court "went too far" in entering a default judgment against Hicks, another party, without addressing the fact that the Court plainly had the authority to enter the default judgment in the first place.[1] Even had Gosch been more specific in her motion, the facts related to the entry of default judgment against Hicks do not rise to the level of "offending justice." Gosch's motion should be denied. Gosch's motion also appears to be focused on the portion of the default judgment in which this Court found that Safeco has no obligation to defend Hicks. It is unclear why Gosch would want Safeco to fund the defense of a party that she is adverse to in the underlying action, but the requested relief is certainly not of the nature where equity would mandate that this Court limit the default judgment against Hicks.

## V.     Conclusion

While it is not clear exactly what provisions of the Federal Rules of Civil Procedure Gosch intends to utilize to gain "relief" from the default judgment, or exactly what relief she seeks, under the general rules she does cite, there is no basis for relief. Rule 59(e) does not apply because the default judgment entered against Hicks is not a "final judgment." Rule 60(b)(6) does not apply because Gosch has not established that extraordinary circumstances warrant relief in this case. In addition, the ultimate issue of whether Gosch would be able to collect under

---

[1] It remains a mystery why Gosch, the plaintiff in the underlying state court lawsuit, wants to fund her adversary's defense in that case.

Hicks's policy, should she obtain a judgment against Hicks, should be decided on a motion for summary judgment, and not on a motion for relief under Federal Rules of Civil Procedure 59 and 60. This Court should deny Gosch's Motion for Relief.

Respectfully submitted,

*/s/ Bruce A. Moothart*
Bruce A. Moothart, ND Iowa #13698
**SEYFERTH BLUMENTHAL & HARRIS LLC**
4801 Main Street, Suite 310
Kansas City, MO 64112
T: (816) 756-0700
F: (816) 756-3700
bruce@sbhlaw.com
**Attorneys for Defendant Safeco Insurance Company of Illinois**

## CERTIFICATE OF SERVICE

I certify that on the 17th day of April, 2017 the foregoing document was filed with the Court's ECF system, which sent notice to:

John Breitbach
Petrzelka & Breitbach, PC
1000 42nd Street SE A
Cedar Rapids, IA 52403
*Attorneys for Defendant Gosch*

*/s/ Bruce A. Moothart*

6